**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10800
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ORLANDO HOWARD, also known as Gator

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-86-2

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Orlando Howard was convicted by a jury of conspiracy to possess with intent to distribute 5 grams or more of cocaine base, knowingly and intentionally distributing 5 grams or more of cocaine base, and distribution of cocaine base. In a prior appeal, we remanded the case for resentencing. On remand, Howard's guidelines sentencing range was recalculated in light of the recent amendments to the Guidelines pertaining to crack cocaine related offenses. Howard's new guidelines range is 135 to 168 months of imprisonment. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Howard to an aggregate of 144 months of imprisonment and four years of supervised release. Howard now appeals that sentence.

In reviewing a sentence, we must first determine whether the district court committed any significant procedural error, such as failing to calculate or incorrectly calculating the guidelines range, treating the Guidelines as mandatory, failing to consider the factors in 18 U.S.C. § 3553(a), basing the sentence on clearly erroneous facts, or not adequately explaining the sentence, including deviations. *See Gall v. United States*, 128 S. Ct. 586, 597-598 (2007). In this instance, Howard argued at resentencing for a sentence at the low end of the new guidelines range in light of his postconviction rehabilitative efforts in prison. He asserts here that the district court ignored his postconviction rehabilitative efforts and thus failed to make an individualized assessment of the facts of his case in selecting a sentence. Although Howard requested that the district court consider his rehabilitation accomplishments, he did not make the argument in the district court that he now asserts regarding an individualized sentencing assessment. Accordingly, we review this argument for plain error. *See United States v. Mondragon-Santiago*, ___ F.3d ___, No. 07-41099, 2009 WL 782894, at *3 (5th Cir. Mar. 26, 2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). Under that standard, Howard must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If Howard makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Howard has not shown error, plain or otherwise. The district court expressly stated that it had considered the § 3553(a) factors in determining the sentence. The record demonstrates that the court heard and considered Howard's mitigating arguments with regard to his postconviction rehabilitative

efforts. Howard has not shown any significant procedural error by the district court in determining his sentence.

We next consider the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. To the extent that Howard's argument can be characterized as challenging the district court's application of the § 3553(a) factors to his case, he has not shown error. We afford Howard's within-guidelines sentence a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Howard's disagreement with the weight given by the district court to his postconviction rehabilitative efforts is insufficient to overcome that presumption.

AFFIRMED.